David R. LUCY, Plaintiff,

v.

MANVILLE SALES CORPORATION, Defendant.

Action No. 86-F-2394.

United States District Court, D. Colorado.

Nov. 5, 1987.

Curtis L. Kennedy, Denver, Colo., for plaintiff.

Ulrico S. Rosales, Denver, Colo., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This is an employment discrimination case. Plaintiff, a former employee of the defendant, claims he was denied a promotion because of his race and age. Plaintiff brings claims based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 626 *et seq.* Defendant Manville Sales Corporation has filed a Motion for Summary Judgment.

Plaintiff, David R. Lucy, began working for Manville in 1972 as a management trainee. He was promoted to the position of Manager in Training and later to Staff Manager. In 1978, he was named to the position of Market Manager. As the Market Manager, plaintiff was responsible for roofing products and architectural wall products.

Plaintiff was transferred to the industrial productions division in 1982 and worked under the supervision of Thomas J. Winter. In 1984, Manville decided to create a Business Manager position in the mineral panels division. Plaintiff, a black male aged 48, and Jerry Dukes, a white male aged 37, were considered for the position. In August, 1985, Dukes was selected for the position. Plaintiff resigned from Manville on January 13, 1986. Defendant moves for summary judgment on the grounds the plaintiff cannot demonstrate a prima facie case of discrimination and defendant had a legitimate, nondiscriminatory reason for selecting Jerry Dukes over the plaintiff.

To establish a prima facie case of age or race discrimination, the plaintiff must demonstrate: (1) he was within the protected group; (2) he was qualified for the promotion; (3) he was not promoted; and (4) the person promoted was someone younger or white. *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817,

1824, 36 L.Ed.2d 668 (1973); *Furr v. A.T. & T. Technologies, Inc.*, 824 F.2d 1537, 1542 (10th Cir.1987). The only disputed fact of these four requirements is plaintiff's qualifications for the position. Defendant claims the ability to "manage people" was an essential qualification for the Business Manager position. Plaintiff claims he possessed this experience and the requirement was not vital to the position.

There is a genuine dispute regarding the qualifications for this position and each party has adopted inconsistent positions on the issue. As listed in defendant's Summary of Human Resource Requirement, the qualifications for the Business Manager position were: (1) the ability to coordinate marketing, sales, manufacturing efforts; (2) plainning skills for growth; and (3) knowledge of markets. At best, the ability to manage people is an *implicit* qualification for the position. In his deposition, however, plaintiff admitted the "ability to manage people" was a necessary qualification for the Business Manager position. Pl.Dep., p. 77. Plaintiff maintains he had the relevant experience but it was not considered by the defendant. Plaintiff supervised a few employees while working at the Denver Urban Renewal Authority in 1972. Pl.Dep., p. 78.

Jerry Dukes, the individual promoted over the plaintiff, was a productions plant manager for the defendant in Nashua, New Hampshire. In that position, Dukes supervised 80 employees. Defendant conceded in an answer to an interrogatory, however, that Dukes did not have the necessary experience in product marketing for the Business Manager position. Plaintiff had this experience.

Whether the plaintiff was qualified for the Business Manager position is a unsettled question of material fact. A rational trier of fact could find the plaintiff was as well qualified as Mr. Dukes. Defendant has not demonstrated plaintiff cannot prove a prima facie case of discrimination.

Defendant also claims it had legitimate, nondiscriminatory reasons for not promoting the plaintiff, Dukes was more qualified and plaintiff was more valuable to Manville in the Market Manager position. Although these may be valid reasons for selecting one candidate over another, the plaintiff may rebut them by showing age or race was the determining factor or the proffered reasons are pretextual. *U.S. Postal Board of Governors v. Aikens*, 460 U.S. 711, 714–16, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983); *Furr v. AT & T Technologies, Inc., supra* at 1542. Relevant evidence of discrimination includes (1) prior treatment of the plaintiff; (2) defendant's policy and practice in regard to older or minority employees; (3) procedural irregularities; and (4) the use of subjective criteria. *Mohammed v. Callaway*, 698 F.2d 395, 398–99 (10th Cir.1983).

The plaintiff has produced some evidence to indicate defendant's actions may be pretextual. Defendant had implemented a program which attempted to place younger employees in an accelerated managerial track. Plaintiff was the only black in a "managerial or officials" position for Manville from 1983–1985. In violation of company policy, plaintiff was not interviewed for the Business Manager position. These facts may be interpreted as evidence of discrimination.

The parties have produced evidence of both a discriminatory reason and a legitimate reason for the promotion decision. The factfinder must decide whether the promotion would have been granted but for plaintiff's age or race. *EEOC v. University of Oklahoma*, 774 F.2d 999, 1002 (10th Cir.1985). Genuine issues of material fact remain.

ACCORDINGLY, defendant's Motion for Summary Judgment is DENIED.